UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

TANYA GRACE MCDANIEL,
   Plaintiff,

v.

THE UNITED STATES OF AMERICA, et al.,
   Defendants.

Case No. 16-cv-00414-NJV

**ORDER DISMISSING CASE**

Plaintiff filed this action against The United States of America, University of Davis, Ca., Avid Reader Book Store, Adele Young, Alumni of the University of Davis, Ca, Ellyn Bell, Stacey Bell, Peter Matthews, Colin Winnette, Bill Pieper, Pence Gallery, Janet Napolitano, Chancellor of the University of Davis, Ca., and The City of Davis, Ca., alleging ten causes of action. *See* Compl. (Doc. 1).  Plaintiff has also filed a Motion for Leave to proceed *in forma pauperis*. (Doc. 2).  In addition, Plaintiff consented to the undersigned's jurisdiction of this matter pursuant to 28 U.S.C. § 636(c).  (Doc. 4).

Because Plaintiff seeks to proceed without the prepayment of the required filing fees, the court is obliged to review the Complaint pursuant to the dictates of 28 U.S.C. § 1915.  Under 28 U.S.C. § 1915(e)(2), "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  A review of the Complaint reveals that this case is properly dismissed.

United States Code § 1391(b) provides that "[a] civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which

1  the district is located; (2) a judicial district in which a substantial part of the events or omissions
2  giving rise to the claim occurred, or a substantial part of property that is the subject of the action is
3  situated; or (3) if there is no district in which an action may otherwise be brought as provided in
4  this section, any judicial district in which any defendant is subject to the court's personal
5  jurisdiction with respect to such action." None of these provisions apply in this case. That is,
6  Defendants reside in the Eastern District of California and the events alleged in this action took
7  place in the Eastern District of California.

8  Plaintiff states that venue is proper in this district because of § 1391(b) "and in the 'interest
9  of justice' (law) to proceed in this court, as the nature of the case might better suit, the 'interest of
10  the justice' for the Plaintiff in this forum." Compl. (Doc. 1) at 2. Plaintiff explains further as
11  follows:

> Finally, [b]ecause [sic] the Plaintiff has already filed cases at the Sacramento, Ca. Federal Court and the San Francisco, Ninth Circuit. She was hoping to receive a better response to the respect of civil rights laws and the constitution, as can be reflected from the a community that is always seeking the application of civil rights, in the interest of justice for those whom have been harmed. Such is the Plaintiffs goals with seeking her constitutional rights protected, and respected, within the district and sanctity of the Federal Court of San Francisco, Ca.

16  *Id*. Indeed, according to her Complaint, Plaintiff has filed several actions on these claims in the
17  Eastern District of California, listing: "case number: 2:15-cv-00937, and then filed at the Appeals
18  Court of the Ninth Circuit, case number 15-16656. Additionally, more specific cases about such
19  conspiracies and treasons of the United States, their spy tactics and harassments against the
20  Plaintiff, are also Sacramento, Ca. Federal cases 2:14-cv-01113 (appeals court case, 15- 16731),
21  and federal case 2:15-cv-01114 (appeals court case: 15-17354) . . . [and] 2:13-cv-2653 MCE AC
22  PS." *Id*. at 4. Plaintiff's hope that she might receive a "better response" in this district than she
23  has in the Eastern District towards her claims is not a proper basis for venue under § 1391(b).

24  United States Code § 1406 requires that "(a) The district court of a district in which is filed
25  a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of
26  justice, transfer such case to any district or division in which it could have been brought." Thus,
27  because this case does not meet the venue requirements of § 1391(b) the court must either dismiss
28  the case, or, if in the interests of justice, transfer this case to the Eastern District of California.

United States District Court
Northern District of California

1  Considering that Plaintiff has filed a plethora of cases in the Eastern District concerning
2  these same allegations, the court does not find that the interests of justice are served by
3  transferring the case to the Eastern District.
4  Accordingly, this case is DISMISSED pursuant to 28 U.S.C. § 1406(a) and the Motion for
5  Leave to proceed *in forma pauperis* (Doc. 2) is DENIED as Moot.
6  A separate judgment shall issue.
7  **IT IS SO ORDERED**.
8  Dated: March 4, 2016



NANDOR J. VADAS
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA GRACE MCDANIEL,<br><br>    Plaintiff,<br><br>    v.<br><br>THE UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | Case No. 16-cv-00414-NJV<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 4, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Tanya Grace McDaniel
P.O. Box 72272
Davis, CA 95617


Dated: March 4, 2016

                                                  Susan Y. Soong
                                                  Clerk, United States District Court

                                                  By:_____
                                                  Robert Illman, Deputy Clerk to the
                                                  Honorable NANDOR J. VADAS